UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number:  13-21927-CIV-MORENO

ISAAC BAKAR, individually and as parent and
next friend of his three children, John Doe #1,
John Doe #2, and Jane Doe #1; and IRIS BAKAR,
individually,

       Plaintiffs,

vs.

DESMOND JEREL BRYANT,

       Defendant.

_____/

## ORDER DISMISSING COUNT II OF PLAINTIFFS' COMPLAINT

This cause came before the Court upon Defendant's Motion to Dismiss Plaintiffs' Claim for

Intentional Infliction of Emotional Distress. Because the defendant's alleged conduct does not rise

to the level of "outrageous conduct" required by Florida law, Plaintiffs' Count II is dismissed.

### I.      Factual Background

At all times material, Plaintiffs Isaac Baker and Iris Bakar were lawful residents of Miami-

Dade County, Florida. Defendant Desmond Bryant resides in California and is domiciled in North

Carolina.

The facts as alleged by the Plaintiffs in their Amended Complaint are as follows: On Sunday,

February, 24, 2013, at approximately 5:30 a.m., Defendant Desmond Jerel Bryant unlawfully

trespassed onto the Plaintiffs' family property and began hitting and pounding on their front doors

loudly and repeatedly. According to Plaintiffs, Plaintiff Isaac Bakar "ran to the doors and, through

two oval-shaped panes of glass, observed Defendant leaning on the family car just outside the front doors of the home." Plaintiffs allege that Defendant then again moved to the front porch and began hitting and pounding the doors. Plaintiffs called the police; shortly before the police arrived, Defendant removed the front door handle.

Plaintiffs initially filed a Complaint against Defendant in state court. Because Defendant is not a resident of Florida, and Plaintiffs seek damages in excess of $75,000, Defendant properly filed a Notice of Removal on diversity jurisdiction grounds in this Court. In an Amended Complaint, Plaintiffs alleged claims of assault, trespass, and intentional infliction of emotion distress ("IIED") against Defendant. In Count II, their intentional infliction of emotion distress claim, Plaintiffs alleged that the Defendant knew that the Plaintiffs were peculiarly susceptible to emotional distress due to the nature of being awakened in the early morning and suddenly having to confront Defendant. Defendant Bryant subsequently filed a Motion to Dismiss Plaintiffs' intentional infliction of emotion distress claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    Legal Standard

Under Rule 12(b)(6), a claim should be dismissed if, accepting the well-pleaded allegations as true, a plaintiff is unable to state enough facts to establish that it is plausible the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007). The Supreme Court held in *Twombly* that the line "between the factually neutral and the factually suggestive ... must be crossed to enter the realm of plausible liability." 550 U.S. at 557 n.5. For a claim to be plausible, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 676;

*see also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). "Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief." *Id.*

III.   **Analysis**

    A.   <u>Plaintiffs Have Not Alleged Facts Sufficient to Plead A Claim for Intentional Infliction of Emotional Distress.</u>

To state a claim for intentional infliction of emotion distress under Florida law, Plaintiffs must allege that (1) Defendant's conduct was intentional or reckless, (2) Defendant's conduct was outrageous, (3) Defendant's conduct caused Plaintiffs emotional distress, and (4) the emotional distress was severe. *Williams v. Worldwide Flight Servs., Inc.*, 877 So. 2d 869, 870 (Fla. 3d DCA 2004); *LeGrande v. Emmanuel*, 889 So. 2d 991, 994 (Fla. 3d DCA 2004). "Whether conduct is sufficiently 'outrageous' to state a claim for intentional infliction of emotional distress is a question of law for the Court to decide." *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1336 (S.D. Fla. 2012) ; *De La Campa v. Grifols Am., Inc.*, 819 So. 2d 940, 943 (Fla. 3d DCA 2002) ("[w]hat constitutes outrageous conduct is a question for the trial court to determine as a matter of law").

"While there is no exhaustive or concrete list of what constitutes outrageous conduct, Florida common law has evolved an extremely high standard." *Garcia*, 838 F. Supp. 2d at 1339 (citation omitted); *Clemente v. Horne*, 707 So. 2d 865, 866 (Fla. 3d DCA 1998) (standard for "outrageous" conduct is particularly high in Florida). The Florida Supreme Court has explained:

> [It] has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would

entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)); *Valdes v. GAB Robins N. Am., Inc.*, 924 So. 2d 862, 866 (Fla. 3d DCA 2006) (quoting Restatement (Second) of Torts § 46 cmt. d). Thus, "[t]here are only a very limited set of cases in which courts [have] recognized conduct as sufficiently egregious to support a claim of intentional infliction of emotional distress." *Saadi v. Maroun*, No. 8:07-cv-1976-T-24-MAP, 2008 WL 4194824, at *4 (M.D. Fla. Sept. 9, 2008) (citation and quotations omitted). "[M]ere insults, indignities, threats, or false allegations" are not enough. *Williams*, 877 So. 2d at 870; *see Saadi*, 2008 WL 4194824, at *4. Indeed, even allegations of "reprehensible, objectionable, and offensive" conduct have been rejected as insufficient to state a claim for intentional infliction of emotional distress. *Williams*, 877 So. 2d at 870.

In *Garcia v. Carnival Corp.*, for example, the court granted the defendant's motion to dismiss the plaintiff's intentional infliction of emotion distress claim despite finding that the defendant committed assault and battery against her. 838 F. Supp. 2d at 1335. In *Garcia*, the plaintiff alleged that she was approached by seven of the defendant's crew members. When several of the crew members grabbed her, Plaintiff Garcia alleged, she had a panic attack, which made it difficult for her to breath and caused her chest pains. *Id.* Garcia further alleged that the crew members kicked and punched her, threw her to the ground multiple times, handcuffed her in a harmful manner, dragged her across the floor while she was handcuffed, and then confined her to a cabin by placing a crew

member immediately outside of her cabin door and preventing her from otherwise leaving her cabin until the following day. *Id.* at 1336. Finding that Florida set an "extremely high standard" for intentional infliction of emotion distress claims, the court held that nothing alleged by plaintiff was "so outrageous in character, and so extreme in degree," as to state an intentional infliction of emotion distress claim. *Id.* (citation and quotations omitted). *See also Kent v. Harrison*, 467 So. 2d 1114, 1115 (Fla. 2d DCA 1985) (offensive and harassing conduct nonetheless did not constitute "outrageous" behavior sufficient to prove an intentional infliction of emotion distress claim).

Here, Plaintiffs' allegations, taken as true, do not plead facts showing that Defendant's conduct was sufficiently outrageous to satisfy the egregious degree of conduct required for an intentional infliction of emotion distress claim. Plaintiffs allege that Defendant woke them at 5:30 a.m. on a Sunday morning by "hitting" and "pounding" and "attempting to force" open their doors; second, they allege that he "rip[ed] the front door handle off the wood doors, screws and all"; and third, they allege that he did so know knowing "that the Plaintiffs were peculiarly susceptible to emotional distress due to the day and hour he chose to direct his violence against them." Such allegations fail to meet the requisite level of "outrageous" behavior satisfying a claim for intentional infliction of emotion distress under Florida law. The standard used in Florida stems from Section 46 of the Restatement (Second) of Torts, which similarly holds that conduct, for it to be "outrageous," must be beyond "all possible bounds of decency":

> The liability clearly does not extend to mere insults, indignities, threats. . .or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind.

Restatement (Second) of Torts § 46 cmt. d.

-5-

Allegations that Defendant Bryant was yelling and pounding on the Plaintiffs' front door, regardless of the early hour, simply do not meet the standard required to demonstrate "outrageous" behavior. Florida case law makes clear that an allegation of verbal harassment, without significant physical attack, is insufficient to plead an intentional infliction of emotion distress claim. In *DeShiro v. Branch*, for example, the court noted that the "touchstone" of intentional infliction of emotion distress cases is "the presence of relentless physical, as well as verbal, harassment." No. 96-800-CIV-T-17E, 1996 WL 663974, at *3 (M.D. Fla. Nov. 4, 1996) (citation and quotations omitted). The *DeShiro* court held that there must be "both physical and verbal abuse," and that it must be pervasive. *Id.* (granting motion to dismiss); *see also Saadi*, 2008 WL 4194824, at *4; *Garcia*, 838 F. Supp. 2d at 1336 (defendant cruise crew members kicked, handcuffed, and dragged and then confined plaintiff, but the court nonetheless granted the defendant's motion to dismiss). This is consistent with the fact that Florida has set an "extremely high standard" for intentional infliction of emotion distress claims, and nothing short of conduct "extreme in degree" is the basis of a successful intentional infliction of emotion distress claim. *Garcia*, 838 F. Supp. 2d at 1336.

B.    Defendant Bryant "Knew" of Susceptibilities of Plaintiffs

Plaintiffs' remaining intentional infliction of emotion distress allegation – that Defendant purportedly "knew" of certain susceptibilities that made Plaintiffs more likely to experience emotional distress – attempts to invoke a limited exception of intentional infliction of emotion distress case law that is not applicable on these facts. In certain instances, courts have allowed plaintiffs to state a claim for intentional infliction of emotion distress if the plaintiff "is peculiarly susceptible to emotional distress, and the other person knows it," wherein courts may use a lower

-6-

standard for "outrageous" to evaluate the conduct in question. *Jenks v. Naples Comm'y Hosp.*, 829 F. Supp. 2d 1235, 1256 (M.D. Fla. 2011) (holding that plaintiff failed to plead claim for intentional infliction of emotion distress). However, this exception applies only where the complaint pleads facts showing that the defendant *knew* of the plaintiff's susceptibilities. *See* Restatement (Second) of Torts § 46 illus. 12 ("A is in a hospital suffering from a heart illness .... B enters A's sick room for the purpose of trying to settle an insurance claim. B's insistence and boisterous conduct cause serve emotional distress, and A suffers a heart attack. B is subject to liability to A if he knows of A's condition, but is not liable if he does not have such knowledge.")

Here, Plaintiffs have not presented any facts showing that Defendant Bryant knew they were peculiarly susceptible to emotional distress. *See Saadi*, 2008 WL 4194824, at *5 (granting motion to dismiss on intentional infliction of emotion distress claim, holding that "[c]laims for intentional infliction of emotional distress must allege the ultimate *facts* that the Court can use to determine whether the claim can be sustained") (emphasis added). Plaintiffs' suggestion that Defendant "should have known" that his conduct might upset someone is inapposite where, as here, there are no allegations suggesting that Defendant knew Plaintiffs had any physical or mental conditions rendering them susceptible to emotional distress. It is noted in the Police Report attached to the Amended Complaint that Defendant did not intend to approach Plaintiffs' front door and did not, in fact, know that it was their home – the Police Report states that Defendant believed he was returning to the home he was staying during the NFL offseason. Even though Plaintiff Isaac Baker alleges that he made the presence of his family known to Defendant, nothing on these facts demonstrates that Defendant should have known that the Plaintiffs were becoming anything worse than distressed at his behavior. Mere knowledge that a plaintiff might have been "upset" or

distressed" by conduct is not sufficient to trigger the standard for "outrageous behavior." *Weinstein v. Bullick*, 827 F. Supp. 1193, 1205 (E.D. Pa. 1993) ("To allow the defendant's knowledge that its actions will upset the plaintiff to trigger the lower standard for 'extreme and outrageous' behavior envisioned in Comment f [of the Restatement] would allow the exception described in Comment to swallow the rule of § 46.").

## IV.    Conclusion

Plaintiffs fail to allege facts that demonstrate Defendant Bryant's actions reached the level of "outrageous conduct" required by Florida courts for this tort claim to proceed. Plaintiffs have not demonstrated that a drunken person hollering and pounding on a door early in the morning is "outrageous" behavior that ought be regarded as atrocious, and utterly intolerable in a civilized community. *See Metropolitan Life Ins. Co. v. McCarson,* 467 So.2d 277, 278-79 (Fla.1985); Restatement (Second) of Torts § 46. This Court thereby GRANTS Defendant's Motion to Dismiss as to Count II of Plaintiffs' Amended Complaint.

DONE AND ORDERED in Chambers at Miami, Florida, this ____ day of October, 2013.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

-8-